UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANCESCA HARON,

          Plaintiff,

    v.

ALBERTO GONZALES, *et al.*,

          Defendants.

Case No. C06-5040JKA

ORDER TO SHOW CAUSE

This matter comes before the court on plaintiff's filing of an application to proceed *in forma pauperis* and the submission of a complaint for service. The Court, having reviewed the record finds the following deficiencies:

1. Plaintiff's complaint is deficient for several reasons. First, the complaint is very cryptic and the basis of plaintiff claim(s) are not disclosed. It appears plaintiff is a detainee in the Northwest Detention Center, which is a Department of Immigration or Homeland Security facility. Plaintiff alleges she has been subjected to deliberate harm and harassment.

To state a claim of cruel and unusual punishment plaintiff must satisfy two requirements:

> First, the deprivation alleged must be, objectively, "sufficiently serious" . . . . For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.

Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994). Second, "[t]o violate the Cruel and Unusual Punishment Clause, a prison official must have a `sufficiently culpable state of mind' . . . . [T]hat state of mind is one of `deliberate indifference' to inmate health or safety." Id. (citations omitted). The prison official will be liable

ORDER
Page - 1

only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979. Verbal harassment or abuse is insufficient to state a constitutional deprivation. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). *See also* Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (while the Eighth Amendment can provide a basis for relief where prison officials are aware of the probability of an attack, prison officials, however, must have more than a suspicion that an attack will occur).

Here, Ms. Haron makes only one allegation – that she has been the subject of deliberate harm and harassment. Significantly, plaintiff does not show that he has been exposed to a substantial risk of serious harm or injury.

Second, plaintiff fails to name any individuals in the body of her complaint. The caption names Alberto Gonzales, who is the United States Attorney General, and Department of Homeland Security Secretary Chertoff.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

Here, plaintiff does not state how each of the named defendants **personally participated** in an alleged violation of her constitutional or civil rights. The two defendants named appear to be included in the complaint based on their supervisory role and it does not appear that either of them personally participated in causing any harm to plaintiff.

1 Accordingly, this court orders the following:

2 (i) Plaintiff shall seek to cure these deficiencies by filing **an amended complaint by no later than February 24, 2006.** If plaintiff fails to cure these deficiencies this court will recommend dismissal of this matter.

(ii) The Clerk is directed to send copies of this Order and the General Order to plaintiff.

DATED this 3rd day of February, 2006.

                                            */s/ J. Kelley Arnold*
                                            J. Kelley Arnold
                                            United States Magistrate Judge