UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANCESCA HARON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ALBERTO GONZALES, *et al.*,<br><br>　　　　　　Defendants. | Case No.  C06-5040RJB<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for April 7, 2006 |

This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court on plaintiff's failure to cure certain deficiencies in his complaint. For the reasons set forth below, the undersigned recommends that the Court dismiss this matter for failure to state a cognizable claim.

DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (citing Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).   A plaintiff must allege a deprivation of a federally protected right in order to set forth a prima facie case under 42 U.S.C. §1983. Baker v. McCollan, 443 U.S. 137, 140 (1979). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l)

REPORT AND RECOMMENDATION
Page - 1

the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986). Recently the Ninth Circuit held that dismissal of prisoner's deficient complaints is mandatory under the PLRA. *See* Lopez v. Smith, 1998 WL 774639 (9th Cir., Nov. 9, 1998).

On February 3, 2006, this court reviewed plaintiff's complaint and issued an order directing plaintiff to cure certain deficiencies. (Plaintiff's application to proceed *in forma pauperis* is pending). Specifically, the court explained that plaintiff's allegation of deliberate harm and harassment was insufficient because plaintiff did not show that he has been exposed to a substantial risk of serious harm or injury. To state a claim of cruel and unusual punishment plaintiff must satisfy two requirements:

> First, the deprivation alleged must be, objectively, "sufficiently serious" . . .. For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.

Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994). Second, "[t]o violate the Cruel and Unusual Punishment Clause, a prison official must have a `sufficiently culpable state of mind' . . .. [T]hat state of mind is one of `deliberate indifference' to inmate health or safety." Id. (citations omitted). The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979. Verbal harassment or abuse is insufficient to state a constitutional deprivation. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

The court further explained that plaintiff's complaint failed to name a proper defendant. The caption names Alberto Gonzales, who is the United States Attorney General, and Department of Homeland Security Secretary Chertoff. Plaintiff has failed to allege facts showing how an individual personally participated or caused the alleged deprivation of his civil rights. Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege the defendants' own conduct violated the plaintiff's civil rights.

City of Canton v. Harris, 489 U.S. 378, 385-90 (1989). A supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th cir. 1991), *cert. denied* 502 U.S. 1074 (1992).

Plaintiff was instructed by the court to cure the deficiencies in the complaint by not later than February 24, 2006. To date the court has not received any response from plaintiff or other pleadings in this matter. plaintiff responded to the court's order without curing the deficiencies.

## CONCLUSION

Because plaintiff failed to respond to the court's order and more importantly, because plaintiff's complaint fails to state a cognizable § 1983 constitutional claim, the Court should DISMISS this case as frivolous. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 7, 2006**, as noted in the caption.

DATED this 15th day of March, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge